IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CARL RANDALL GIBBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 118-043 |
| | ) |
| SHAWN EMMONS, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 23). The Magistrate Judge recommended granting Respondent's motion to dismiss the habeas corpus petition as untimely. Nothing in Petitioner's objections convinces the Court that dismissal is improper.

First, citing the top of page six of the Report and Recommendation, Petitioner objects to the finding his statute of limitations expired prior to filing his state habeas petition. (Doc. no. 23, p. 1.) The Magistrate Judge made no such finding. The full sentence to which Petitioner makes reference actually starts at the bottom of page five and states: *"Despite 351*

---

[1]Shawn Emmons has succeeded Don Blakely as Warden of Valdosta State Prison. See www.dcor.state.ga.us (follow "About GDC," "Divisions," and "Facilities" hyperlinks; then search "Valdosta State Prison"). As the proper Respondent in this habeas corpus case is the state officer who has custody of Petitioner, the Court **DIRECTS** the Clerk to update the docket to accurately reflect Shawn Emmons as Respondent. See Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

*days of* Petitioner's one-year statute of limitations having elapsed prior to filing his state habeas petition, Petitioner then waited forty-two days until filing his federal habeas corpus petition on March 15, 2018. (Doc. no. 19, pp. 5-6 (emphasis added).)

Second, the information in Petitioner's objections does not satisfy the two-part test of diligence *and* extraordinary circumstances necessary for equitable tolling. (See id. at 6-7 (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).) Petitioner continues to blame his untimely filing on the business office at his prison for improperly refusing his *in forma pauperis* ("IFP") paperwork, but as the Magistrate Judge explained, under Rule 3(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 and the accompanying 2004 Advisory Committee Notes, the Clerk of Court would have been required to file Petitioner's habeas corpus petition even if it were not accompanied by an IFP motion. (Id. at 8-10.) Nor does Petitioner's theory of the case, (doc. no. 23, pp. 5-6), satisfy "the extremely rigorous actual innocence standard that would allow consideration of an otherwise time-barred claim only in an 'extremely rare' or 'extraordinary' case." (Doc. no. 19, p. 10 (citing Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1015 (11th Cir. 2012) (*per curiam*)).)

Accordingly, the Court **OVERRULES** all of Petitioner's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **GRANTS** Respondent's motion to dismiss, (doc. no. 10), and **DISMISSES** as untimely the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court

should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 26th day of September, 2018, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2]"If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3